**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PATRICIA J. ROOT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TARA GOLD RESOURCES CORP., FRANCIS R. BISCAN, JR. CLIFFORD A. BROWN, and TARA MINERALS CORP.,<br><br>Defendants. | ) | No. 1:10-cv-07584<br>Hon. William J. Hibbler |

**DEFENDANTS' RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR REMAND**

Defendants have the right under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) to have this federal court hear this case and, significantly, their pending 12(b)(1) Motion to Dismiss for Lack of Ripeness. In an effort to avoid that dismissal, Plaintiff Patricia J. Root ("Root") moves this Court to remand to Illinois state court her claims concerning a "proposed acquisition" of Tara Gold Resources Corp. ("Tara Gold") by Tara Minerals Corp. ("Tara Minerals"), based upon CAFA's three securities exceptions. None of the securities exceptions apply, and the Court must deny the motion.

Plaintiff concedes that Defendants have borne their burden of proving jurisdiction under CAFA based upon the size and diverse citizenship of the class members and the amount in controversy in excess of $5 million. Now, the burden shifts to Plaintiff to prove a securities exception applies. However, she has not (and cannot) show that any of the three exemptions for covered securities, internal affairs or governance, or securities' terms applies. First, Tara Gold and Tara Minerals are not nationally traded "covered securities" listed on the New York Stock

Exchange or the like, but merely "common stock traded on the OTC [over the counter] market operated by Pink OTC Markets, Inc." (Compl. ¶ 3.) Second, the proposed transaction is not a question of "internal affairs or governance," but an external "exchange" of shares between the two corporate defendants. (Compl. ¶¶ 1, 3.) Third, plaintiff does not litigate based upon any terms in the security creating "rights, duties (including fiduciary duties), and obligations," but rather based upon press releases discussing a "proposed" transaction, the final terms of which are unknown and which may never even occur. Federal jurisdiction applies, and this Court must deny remand.

## FACTS

Plaintiff's Motion recounts the facts in the Complaint at length, but only a few facts actual bear on the CAFA securities exceptions. Defendants confine their Response to those relevant facts.

Corporate defendants Tara Gold and Tara Minerals are Nevada corporations with their principal places of business in Illinois. (Compl. ¶¶ 5-8.) Tara Gold's "common stock trades on the OTC market operated by Pink OTC Markets Inc. under the ticker symbol 'TRGD.PK.'" (Compl. ¶ 5.)

Individual defendant Francis R. Biscan, Jr. ("Biscan") is Tara Gold's President, Chief Executive Officer, and a member of the Board of Directors, as well as Tara Minerals' President, Chief Executive Officer, and director. (Compl. ¶ 6.) Individual Defendant Clifford A. Brown ("Brown") is Tara Gold's director and Principal Financial and Accounting Officer, as well as Tara Minerals' director and Controller of U.S. Operations. (Compl. ¶ 7.)

Plaintiff Patricia Root ("Root"), as well as the putative class she represents, are owners of Tara Gold common stock. (Compl. ¶¶ 4, 15.)

Plaintiff's Complaint and its allegations are based solely upon three press releases from Tara Gold dated September 13, September 16, and October 14, 2010. (Compl. ¶¶ 22, 27, 31). The press releases state that Tara Minerals and Tara Gold "have entered into a tentative agreement for Tara Minerals to acquire all of the common shares of Tara Gold in a transaction valued at approximately US $83 million…. The Transaction has been unanimously approved by the Board of Directors of each of Tara Minerals and Tara Gold." (Compl. ¶ 22.)

Plaintiff complains in the wake of these press releases that Defendants have "fail[ed] to disclose" information and "issu[ed] materially false and misleading statements." (Compl. ¶¶ 3, 25-28, 30, 33-34, 42-43.) Hence, Plaintiff prays that this Court should enjoin the proposed transaction because she could not vote to approve it under these circumstances. (Compl. Prayer.) Plaintiff does not (and cannot) allege that: 1) the proposed transaction has been submitted to the shareholders for approval under Nevada law, 2) that, at the time of any such approval, the information available to the shareholders would be the same as in the Complaint, or 3) that the proposed transaction will be submitted for approval at all.

**BURDEN OF PROOF**

Plaintiff's Motion improperly suggests that Defendants, rather than Plaintiff, bear the burden on CAFA's securities exceptions. Plaintiff makes this implication by citing *Newman v. Prudential Insurance Co.*, No. 09 C 2908, 2009 WL 2475112, *1 (N.D. Ill. Aug. 11, 2009), a non-CAFA case where the court considered and granted motions to file a first amended complaint to add a non-diverse defendant and to remand. The case correctly states the general principle that a removing party bears the burden of demonstrating that removal is proper, but it does not address the burden on exceptions, either under CAFA or other law. *Newman*, at *1. In this case, Plaintiff does not contest that Defendants have borne their burden of showing

numerous, diverse citizenship or amount in controversy. Plaintiff only questions whether the securities exceptions apply.

The Seventh Circuit has ruled that once Defendants have established that CAFA jurisdiction exists, the burden shifts to the Plaintiff seeking remand to show that a CAFA exception applies. *In re Sprint Nextel Corp.*, 593 F.3d 699, 673 (2006) (plaintiff failed to meet burden of showing home-state exception applied), citing *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 680 (7th Cir. 2006) (same). *See also Puglisi v. Citigroup Alt. Invs., LLC*, No. 08 CV 9774, 2009 WL 1515071, *1 (S.D.N.Y. May 29, 2009) (plaintiff unsuccessful in bearing his burden under CAFA securities exception); *New Jersey Carpenters Vacation Fund v. HarborView Mortg. Loan T.,* 581 F. Supp. 2d 581, (S.D.N.Y. 2008) (plaintiff failed to meet burden that CAFA securities exception applied).

Plaintiff's own cited case, *Genton v. Vestin Realty Mortg. II, Inc.*, 06 CV 2517-BEN (WMC), 2007 WL 951838 (S.D. Cal. Mar. 9, 2007) (Mot. p. 10), agrees. *Genton*, at *1 ("burden shifts to the party seeking remand to prove a CAFA exception applies"). The only contrary citation, which Plaintiff does not even raise for this point, is *Williams v. Texas Commerce Trust Co.*, No. 05-1070-CV-W-GAF, 2006 WL 1696681, n.5 (W.D. Mo. Jun. 15, 2006), which cites *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) for the "well-established rule of law that the removing party bears the burden of establishing federal subject-matter jurisdiction." (Mot. p. 9.) The Seventh Circuit, however, discusses *Brill* in its decision in *Hart*, noting the defendant's correct argument that *Brill* "did not address which party bears the burden of establishing… an exception to CAFA." *Hart*, 457 F.3d at 678. In the Seventh Circuit, the law is clear that Plaintiff bears the burden on the CAFA securities exception, and that burden has not been met.

## ARGUMENT

Plaintiffs do not dispute that Defendants' Notice of Removal properly demonstrates the existence of over 100 diverse class members and an amount in controversy over $5 million. The burden now shifts to Plaintiff to demonstrate that a CAFA securities exception applies. Under CAFA:

> (9) …[CAFA] shall not apply to any class action that solely involves a claim--
>
> (A) concerning a covered security as defined under 16(f)(3)1 of the Securities Act of 1933 (15 U.S.C. 78p(f)(3)) and section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb(f)(5)(E));
>
> (B) that relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized; or
>
> (C) that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b(a)(1)) and the regulations issued thereunder).

28 U.S.C. §1332(d)(9)(A-C). "Covered security" is defined by §§ 77p(f)(3) and 78bb(f)(5)(E) by reference to 15 U.S.C. § 77r(b):

> (1)… A security is a covered security if such security is--
>
> (A) listed, or authorized for listing, on the New York Stock Exchange or the American Stock Exchange, or listed, or authorized for listing, on the National Market System of the Nasdaq Stock Market (or any successor to such entities);
>
> (B) listed, or authorized for listing, on a national securities exchange (or tier or segment thereof) that has listing standards that the Commission determines by rule (on its own initiative or on the basis of a petition) are substantially similar to the listing standards applicable to securities described in subparagraph (A); or
>
> (C) a security of the same issuer that is equal in seniority or that is a senior security to a security described in subparagraph (A) or (B)….

None of CAFA's three securities exceptions apply.

## I. TARA GOLD'S STOCK IS NOT A COVERED SECURITY.

Plaintiff cannot demonstrate that Tara Gold's stock is a "covered security" within the meaning of CAFA and the Securities Act. A "covered security" is listed on the New York Stock Exchange ("NYSE"), Nasdaq, or a national securities exchange with substantially similar listing standards, or a security equal or senior to such a security. 15 U.S.C. § 77r(b)(1); *Katz v. Gerardi*, 552 F.3d 558, 562-63 (7th Cir. 2009). Plaintiff has demonstrated the opposite. Plaintiff's only allegation is that "Tara Gold's common stock trades on the OTC market operated by Pink Markets Inc. under the ticker symbol 'TRGD.PK.'" (Compl. ¶ 5; Mot. p. 8.) Plaintiff has not and cannot plead that Pink OTC Markets, Inc. is a "national securities exchange" on par with NSYE or Nasdaq. Pink OTC Markets, Inc. is "an inter-dealer electronic and trading system in the over-the-counter market." *U.S. v. Margulies*, No. 08-736, 2010 WL 2375960, * 1 (E.D. Pa. Jun. 10, 2010). The "over-the-counter market" is "not an organized marketplace or exchange;'" over-the counter is a "phrase for any market in an equity security that is *not listed on a U.S. exchange or Nasdaq*…" *SEC v. Simmons*, No. 8:04-CV-2477-T-17MAP, 2008 WL 7935266, *3 (M.D. Fla. Apr. 25, 2008) ("Pink Sheets" are centralized quotation service that collects and publishes market maker quotes for over-the-counter securities in real time…. owned and operated by Pink OTC Markets, Inc.") (emphasis added). Therefore, Tara Gold is not a covered security, CAFA's first securities exception does not apply, and the Motion to Remand should be denied.

## II. TARA GOLD AND TARA MINERALS' PROPOSED EXCHANGE OF SHARES AND THEIR MARKETING OF THAT PROPOSAL ARE NOT MATTERS OF INTERNAL AFFAIRS OR GOVERNANCE.

Plaintiff's claims are not about the "internal affairs or governance" of Tara Gold or Tara Minerals. To the contrary, Plaintiff pleads based upon press releases that, in the proposed

transaction *between* the two corporate defendants, the individual corporate officer defendants of each entity have breached their fiduciary duties, while the corporations have aided and abetted the same. The case *Puglisi v. Citigroup Alternative Investments, LLC*, 08 CV 9774(NRB), 2009 WL 1515071 (S.D.N.Y. 2009) rejects the CAFA exception for the same claims. In *Puglisi*, the plaintiff claimed that the defendants breached or aided and abetted in the breach of fiduciary duties under Delaware law when they presented and sold securities through a private placement memorandum that marketed the investment in a "materially false and misleading" manner as safe, secure, and low risk. *Puglisi*, at *1, 3. The court rejected application of the internal affairs exception, stating that such "mis-marketing allegations plainly do not concern solely internal affairs or corporate governance as required under the exception…. because they concern how the company represents itself to the public… [and go] beyond alleging mis-management of the funds." *Id.* It further noted that "there is no advantage to having a New York state court hear Delaware state law claims over a federal court." *Id.*

*Puglisi*'s rationale applies even more strongly here. Plaintiff makes the same claims for breach of fiduciary duty, and she relies upon press releases which are plainly marketing materials representing the company to the public. Similarly, there is no advantage here to an Illinois state court, rather than an Illinois federal court, hearing Nevada law claims. Moreover, this case involves not one corporation's affairs, as in *Puglisi*, but an external transaction between two corporations – Tara Gold and Tara Minerals. There is simply no way to classify this complaint based entirely upon the two corporations' public press releases as a matter solely about either corporation's internal affairs or governance.

Plaintiff's citation is to *Katz v. Gerardi*, 553 F.3d 558, 560 (7th Cir. 2009) does nothing to change this result. This case states, and the parties agree, that any substantive objection to the

proposed transaction, whether as a merger or an exchange of shares, arises under Nevada state law. *Id.* *Katz*, however, does not hold that such claims are matters of internal affairs or governance. To the contrary, the *Katz* plaintiff does not even try "to characterize his claim" as falling under the internal affairs exception. *Id.*, at 563. Instead, he contends that the third CAFA securities exception for "promises made in securities that have not been honored" is met. The Seventh Circuit remands the case for hearing to see whether Katz's complaint is solely based upon a promise made in a term of his security under the third exception or whether, as it appears, his case is about "deceit" in the "merger and related transactions" and, thus, removable. *Id.* Plaintiff cannot use *Katz* to support an exception it never even addresses. Accordingly, this Court should deny the Motion to Remand.

## III. PLAINTIFF'S CHALLENGE TO TARA GOLD AND TARA MINERALS' PROPOSED EXCHANGE OF SHARES IS NOT ABOUT A RIGHT, DUTY, OR OBLIGATION IN A TERM OF HER STOCK.

Plaintiff's attempt to establish the third CAFA exception also fails. As *Katz*, supra, notes, the third exception is about "promises" made in the actual terms of the security itself "that have not been honored" and "does not apply to suits asserting fraud or other misconduct in the sale of securities." *Katz*, 553 F.3d at 563, citing *Estate of Pew v. Cardarelli*, 527 F.3d 25, 31-33 (2d Cir. 2008). *See also Lincoln Nat. Life Ins. Co. v. Bezich*, 610 F.3d 448, 451 (7th Cir. 2010) (finding claim about deducting cost-of-insurance changes from accounts of policyholders, other than on basis of expected mortality as promised in the policy terms, was the type of claim "grounded in the *terms of the security itself*" as required by *Pew*) (emphasis added); *New Jersey Carpenters*, 581 F. Supp. 2d at 590 (allegations of misrepresentations in prospectuses and registration statements for bonds did not "*implicate the terms* or meaning" of the bonds under *Pew*) (emphasis added).

The *Pew* decision, relied upon by the Seventh Circuit in *Katz* and *Lincoln*, surpa, analyzes the third CAFA securities exception at length. The *Pew* plaintiff alleged under New York's consumer fraud statute that the "officers of an issuer – abetted by the issuer's auditor – failed to disclose, while marketing certain debt certificates, that the issuer was insolvent." *Id.*, at 26. The lower federal court ordered remand to state court, but the appellate court reversed, finding the third CAFA securities exception inapplicable. *Pew* began by noting that the "imperfect drafting of the statute makes it ambiguous" and, thus, it relied upon both the exception's wording in its "statutory context" and its legislative history in its decision. *Id.*, at 30-31. It points out, correctly, that the exception "as a whole cannot be read to cover any and all claims that relate to any security," without rendering the rest of the third exception, as well as the first and second exceptions, meaningless. *Id.* Instead, it must apply to a limited subset of "rights, duties and obligations." *Id.* *Pew* finds that those rights are the ones created by the actual terms of the certificates, such as a "rate of interest" or "principal repayment at certain dates." *Id.* Accordingly, it holds that "claims that 'relate… to the rights… and obligations' 'created by or pursuant to' a security must be claims *grounded in the terms of the security itself…*" *Id.*, at 32 (emphasis added). As *Pew* notes, the legislative history confirms its holding. S. Rep. 109-14, at 45 (exemption for "disputes over the meaning of the terms of a security").

Plaintiff's claim does not point to a promise made in any term of her Tara Gold common stock. (Compl. ¶4.) Instead, she points solely to three press releases concerning a proposed exchange of stock between Tara Gold and Tara Minerals. (Compl. ¶¶ 22, 27, 31). In fact, there are no allegations at all about the contents of the terms of her Tara Gold common stock. Absent any issue "grounded in the terms" of the Tara Gold stock, the third exception does not apply.

Plaintiff's cases do not change this result. All of her citations pre-date *Pew*, and none are from the Seventh Circuit or Northern District of Illinois, nor have they been cited here (or hardly anywhere else, for that matter). Plaintiff's primary pre-*Pew* case is *Kurz v. Fidelity Management & Research Co.*, No. 07-CV-592-JPG, 2007 WL 2746612 (S.D. Ill. Sept. 18, 2007), where plaintiff alleged that defendant registered investment advisors violated their duty of "best execution" by failing to obtain the most favorable terms for their clients. The Court expressed concerns over whether the claims fit within the first or third CAFA securities exception and issued an order to show cause with a briefing schedule. The plaintiff instead filed an amended complaint, and the court never ruled on the CAFA exceptions. *Kurz*, and the Plaintiff here, string cite to three other pre-*Pew* decisions, none of which change the outcome here. *Williams v. Texas Comm. T. Co.*, No. 07-CV-592-JPG, 2006 WL 1696681 (W.D. Mo. Jun 15, 2006) (case concerned revocation of option to covert debentures, which would likely be a term of the debenture); *Carmona v. Bryant*, No. CV-06-78-S-BLW, 2006 WL 1043987 (D. Idaho Apr. 19, 2006) (case pre-dates *Pew* and is cited by losing *Pew* plaintiff in the petition for rehearing en banc); *Indiana State Dist. Council of Laborers v. Renal Care Group, Inc.*, No. 3:05-0451, 2005 WL 2000658 (M.D. Tenn. Aug. 18, 2005) (cited in the reversed lower court *Pew* decision, 2006 WL 3524488). Plaintiff's only other citation is *Genton v. Vestin Realty Mortgage II, Inc.*, No. 06cv2517-BEN (WMC), 2007 WL 951838, *3 (Mar. 9, 2007) which expressly cites to the overruled lower court decision in *Pew*. (It also, obviously, does not consider the later *Pew* holding to decide whether the failure to make the pro-rata payments to the investors who voted against the merger relied upon an actual term of the security itself.) None of these cases can change the application of *Pew*, *Katz*, and *Lincoln*, which dictate that the third CAFA securities exception does not apply. Hence, the Motion to Remand must be denied.

## CONCLUSION

For the above reasons, this Court should deny Plaintiff's Motion to Remand and resume consideration of Defendant's pending Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for Lack of Ripeness.

Dated: January 25, 2011

Respectfully submitted,

By: /s/ Martin B. Carroll

Martin B. Carroll
Travis Wolfinger
Tracy Katz Muhl
**FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 300
Chicago, Illinois 60606
(312) 224-1200
(312) 224-1202 (fax)
Email: mcarroll@fhslc.com
**Attorneys for Defendants Tara Gold Resources Corp., Francis R. Biscan, Jr., Clifford A. Brown, and Tara Minerals Corp.**